| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | CIVIL CONFERENCE<br>MINUTE ORDER |

| | | | |
|---|---|---|---|
| BEFORE: | A. KATHLEEN TOMLINSON<br>U.S. MAGISTRATE JUDGE | DATE:<br>TIME: | 11/27/2013<br>11:29 a.m. (31 minutes) |

*Jenkins v. Midland Funding, LLC, et al.*,
**CV 13-5236 (SJF) (AKT)**

TYPE OF CONFERENCE:         **INITIAL CONFERENCE**

APPEARANCES:    Plaintiff       Jarrett R. Jenkins, Pro Se

                Defendant     Richard D. Lane, Jr.

FTR:   11:29-11:48 and 11:54-12:06

SCHEDULING:

The next conference in this case will be held on January 30, 2014 at 11:00 a.m. in Courtroom 910.

THE FOLLOWING RULINGS WERE MADE:

1. Initially, the Court noted that the pro se plaintiff has filed a "Registration and Consent for Electronic Service of Orders and Notices Issued by the Court in Civil Cases." In light of the filing, the Court will not be directing defendants' counsel to serve copies of any Orders or notices upon plaintiff since he will be able to review them directly on ECF.

2. I explained to the parties that because the plaintiff is proceeding pro se, we will be conducting discovery in stages. To that end, I have set the following schedule for serving and responding to document requests and interrogatories. Although the Court normally does not permit opposing counsel to serve interrogatories on pro se litigants, the pro se plaintiff here wishes to serve interrogatories himself and therefore I am permitting both sides to serve interrogatories.

   The plaintiff was advised that his document requests and interrogatories must be narrowly tailored to the claims he has raised in this case. In addition, defense counsel's instructions and requests are to be streamlined and written in plain English with the understanding that counsel is dealing with a pro se litigant.

   • The parties will serve their document requests and interrogatories as discussed today **by December 13, 2013**;

   • The parties will serve their responses to the document requests and interrogatories **by January 14, 2014**;

   • **Between January 14 and 24, 2014**, the parties are to have a meet-and-confer by telephone to discuss any objections they have to each other's discovery responses in an attempt to resolve those issues; whatever is not resolved is to be written down in a bullet

    lists and submitted to the Court no later than January 28, 2014. The bullet lists are to be faxed to Chambers at 631-712-5766. These issues will be taken up at the January 30, 2014 conference with the Court.

    I have directed the pro se plaintiff to identify any documents he is serving in response to the defendants' requests by a number placed at the lower right-hand corner of the responsive documents. For example, the documents should be produced as P– 1, P– 2, P–3, etc. so that they can be properly identified later for use at a deposition or in motion practice.

    The Court has also advised defendants' counsel that the Court does not permit notices to admit to be served on pro se litigants.

3.   The plaintiff served his Rule 26(a) Initial Disclosures. Defendants' counsel was directed to serve his Initial Disclosures no later than December 4, 2013.

4.   Because plaintiff is proceeding pro se, I spent some time discussing his options with regard to obtaining testimony from potential witnesses. Briefly, plaintiff may (A) take a formal deposition of the witness, after giving formal notice to the proposed witness via defendants' counsel, with a certified court reporter present, and the expense of which plaintiff himself must pay, or (B) reserve, with the Court's permission, a meeting room here in the courthouse (or a room in another facility amenable to the deposition) and use a personal tape recorder to record the questions and answers (in these circumstances, defendants' counsel would be permitted to bring in his own tape-recording equipment for the same purpose); or (C) serve written questions to be answered by the witness under oath.

    Plaintiff pro se has been advised that he must be prepared to inform the Court of which method he wishes to utilize to obtain testimony at the January 30, 2014 conference.

5.   Defendants' counsel advised the Court today that his clients intend to move for judgment on the pleadings, pursuant to Fed. R. Civ. P. 12(c). I spent some time explaining the Rule to the pro se plaintiff. The following briefing schedule was put in place for this motion:

- Defendants' counsel will serve his motion papers and memorandum of law upon the plaintiff by December 9, 2013;

- Plaintiff will serve his opposition papers on defendants' counsel by January 3, 2014;

- defendants' reply papers, if any, are to be served no later than January 13, 2014.

    I explained to the parties that Judge Feuerstein has a "bundle rule" which means that the motion does not get filed on ECF until it is fully briefed. Therefore, I have directed defendants' counsel to be responsible to file all of the motion papers, including plaintiff's opposition, on ECF on January 13, 2014.

6.   Plaintiff explained today that there is a typographical error in the Complaint at paragraph 9. He wishes to change the statutory citation listed in that paragraph. Defendants' counsel has no objection and will prepare a stipulation to that effect which he will then provide to the plaintiff for his signature. Once the stipulation is fully executed, defendants' counsel will be responsible to file the stipulation on ECF for the Court's attention.

7. We will take up the next stage of discovery, including setting a schedule for the plaintiff's deposition at the next conference on January 30, 2014.

8. In accordance with Local Rule 37.3, the parties are obligated to meet and confer in good faith to resolve any outstanding discovery disputes. If the parties cannot resolve the dispute among themselves the parties should seek judicial intervention by filing an appropriate letter motion as expeditiously as possible. <u>Any motion seeking Court intervention in a discovery dispute must contain a certification that the parties have complied with Local Rule 37.3 and an explanation of how they have done so. Failure to comply with the certification requirement will result in the motion being returned to the moving party</u>. Counsel are hereby on notice that unless they advise the Court that they have had an actual conversation with each other in an attempt to resolve the discovery dispute at issue, the motion papers will be returned to them until such time as they can certify that they have had such a working conversation (*not* merely an exchange of e-mails or letters).

   If an attorney has objections to opposing counsel's response to a document demand or interrogatory and/or is seeking to compel responses to a specific document demand or interrogatory, counsel, after complying with Local Civil Rule 37.3, must also comply with Local Civil Rule 37.1 which directs how this information is to be presented to the Court. <u>Discovery motions brought under Rule 37.1 are exempt from the three-page limitation on discovery motions so that the movant can comply with Rule 37.1.</u>

9. Under existing Second Circuit case law, any amendments or modifications to this Order must be approved in advance by the Court. Therefore, the parties are not free to grant each other extensions of any deadline set forth in this Order. Nor is any party free to ignore a deadline and not bring that information to the attention of the Court in a timely manner. All requests for extensions or modifications of any deadlines stated in this Order must be made by letter motion to the Court in advance of the expiration of the deadline. The parties are directed to my Individual Practice Rules for further information.

SO ORDERED

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge