**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **JARRETT R. JENKINS,** | **No:  2:13-cv-05236-SJF-AKT** |
| Plaintiff, | |
| **v.** | |
| **MIDLAND FUNDING, LLC and MIDLAND CREDIT MANAGEMENT, INC.,** | |
| Defendants. | |

### FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS BY MIDLAND CREDIT MANAGEMENT, INC., DIRECTED TO PLAINTIFF, JARRETT R. JENKINS

Defendant, Midland Credit Management, Inc., by its undersigned counsel, hereby propounds to Plaintiff, Jarrett R, Jenkins, the following Requests For Production of Documents and Things, pursuant to the Federal Rules of Civil Procedure, Rule 34 and all applicable local rules and orders of the Court.  The requested materials are to be provided for examination and reproduction at the Law Offices of Marshall, Dennehey, Warner, Coleman & Goggin, 88 Pine Street, 21st Floor, New York, New York 10005-1801, within thirty (30) days of the date of service hereof.  Additionally, Plaintiff Jenkins is required to supplement his answers in timely fashion.

### DEFINITIONS

The following definitions are applicable to and incorporated by reference into each Request:

1

The identifiers "you" or "your", for the purposes of these Requests, mean Plaintiff, Jarrett R. Jenkins, his agents and attorneys.

B.     The identifier "MCM" shall refer to Midland Credit Management, Inc., and its employees.

C.     The identifier "MF" shall refer to Midland Funding, LLC.

D.     The identifier "FDCPA" means the Fair Debt Collection Practices Act, 15 U.S.C. §1692a, et seq.

E.     The identifier "FCRA" means the Fair Credit Reporting Act, 15 U.S.C. §1681, et seq.

F.     The term "document(s)" includes but is not limited to: (a) any written or graphic matter of any kind or character, however produced or reproduced; (b) any electronically or magnetically recorded or stored matter of any kind or character, however produced or reproduced; (c) all credit reports, ACDVs, AUD's, tapes, dispute forms and letters, FCRA documents, and FACT Act documents and (d) any other matter of any kind or character constituting the recording of any tangible thing, or storage in any retrievable way, by any means of communication or representation or data retention not in this subsection heretofore described.  The foregoing includes, but is not limited to, all drafts, all originals, and all copies different in any way from the original (whether by interlineations, receipt stamp, notation, indication of copies sent or received or otherwise) of all: telephone phone bills or records, notes, memoranda, records, correspondence, papers, books, photographs, telegrams, sound or visual recordings on tape, wire, or drum, checks, drafts,

confirmations, statements, books of account, emails, or any financial documents of any kind, logs, journals, aides-memoirs, diaries, desk calendars, or similar records of any kind, minutes, reports, forecasts or studies, agreements, working papers, drafts or notes prepared in connection with such documents, whether used or not, and anything similar to the foregoing however denominated.

G.   The term "communications", as used therein, means all statements, admissions, denials, inquiry, discussions, conversations, negotiations, agreements, contracts, answering machine recordings, caller ID printouts, understandings, applications, interviews, meetings, telephone conversations, letters, correspondence, notes, telegrams, telexes, advertisements, or any other form of written or verbal intercourse.

H.   Unless otherwise indicated by the context, the terms "identify" or "identity" mean:

(i)   when referring to a document, shall require identification of such document by furnishing a brief description of the documents, title or identifying symbol, its date, name and address of persons originating, name and address of persons (if any), to   whom it was directed, the location thereof and its present custodian;

(ii)   when used in connection with an oral communication, shall require identification of each person whom and to whom such communication

was made, the date it was made, whether it was made by a telephone, and the place at which each person was located; and

   (iii) when used in referring to a person, shall require furnishing the following information concerning such person:

     (1) full name;

     (2) age;

     (3) the current or last know business and home address;

     (4) the current or last known employment position (the current or last known business title); and

     (5) the current or last known telephone number.

  I. The singular shall include the plural and the plural shall include the singular;

  J. The masculine, feminine or neuter pronoun shall not exclude the other genders;

## INSTRUCTIONS

A.    These requests are continuing and seek all documents which are *now* or *may later* come into your possession, custody or control. As such, these requests are ongoing.

B.    If you contend that any of the documents hereinafter requested are privileged, set forth, with regard to each document the following:

1.    the nature of the privilege asserted;

2.    the date(s) on which it was produced and, if different, the date(s) on which it was transmitted, distributed or otherwise provided to each person to whom it was transmitted, distributed or otherwise provided;

3.    the full name(s), addresses and titles of the document's author and addressee;

4.    the full name(s), addresses and titles of all the persons who received a copy of the document, including all persons who received blind copies;

5.    the nature of the document (i.e. whether it is a letter, memorandum, tape, disk, etc.);

6.    the title of the document, if any; and

7.    without revealing any privileged information, the subject matter and contents of each document.

C.    If any document requested herein is subject to destruction under any document retention/destruction program, such documents should be exempted from any such scheduled destruction until the conclusion of this lawsuit unless permitted by Court.

D.    A request for production shall be deemed to request the production of all documents described in the request and in possession or custody of you, or under the control, or in the possession or custody of any of your agents, employers, insurers, investigators, representatives, accountants, attorneys, physicians, medical practitioners, counselors, therapists, and others similarly situated to the named party or person.

E.    If you delete, redact or otherwise modify, change or alter anything from a document produced in a response to a request for production, state in full the reason for the deletion, redaction, modification, change or alteration and the subject matter of the deletion or change.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.    Provide each letter or other document that you received from MCM from January 2008 to the present.

**RESPONSE:**

2.      Provide each letter or other document that you received from MF from January 2008 to the present.

**RESPONSE:**

3.      Provide all documents and written communications between you and any debt collector in the past three (3) years.

**RESPONSE:**

4.     Provide complete and unredacted copies of each credit report upon which you base your claims against MCM and MF from October of 2008 to the present.

**RESPONSE:**

5.     Provide complete copies of each credit report showing that MCM continued to furnish credit information on any credit report as to your account 8529945000 from February of 2013 until the present as you allege in paragraph 22 in your amended complaint.

**RESPONSE:**

6.     Provide all applications, credit denial documents, credit approval documents, reduction of credit documents showing from 2008 to the present, including all documents showing that you were denied credit, as you conclude in paragraph 26 of your amended complaint.

**RESPONSE:**

7.     Provide all documents showing special damages for defamation of character as you conclude in paragraph 26 of your amended complaint.

**RESPONSE:**

8.    Provide all documents showing that you do not owe the debt associated with MCM Account No. 8529945000.  *Please refer to MCM's initial disclosures, showing WaMu invoices making up the debt obligation reflected in MCM Account No. 8529945000.*

**RESPONSE:**

9.    Provide a copy of each written request for verification sent by you to MCM.

**RESPONSE:**



10. Provide a copy of each written request for verification sent by you to MF.

**RESPONSE:**

11. Provide any and all documents showing that MCM or MF violated Section 1692e(2) of the FDCPA.

**RESPONSE:**

12.   Provide any and all documents showing that MCM or MF violated Section 1692f(1) of the FDCPA.

**RESPONSE:**

13.   Provide any and all documents showing that MCM or MF violated Section 1692g(a) of the FDCPA.

**RESPONSE:**

14.     Provide any and all documents showing that MCM or MF violated Section 1681s-2(b) of the FCRA.

**RESPONSE:**

15.     Provide any and all documents showing that the debts that MCM attempted to collect from you are consumer debts.

**RESPONSE:**

16.     Provide any and all documents showing that the conduct of MCM or MF improperly lowered your credit scores, including all credit scores preceding December 19, 2008 through any credit scores at present.

**RESPONSE:**

17.     Provide unredacted copies of every credit report in your possession from December 19, 2008 to the present supporting your conclusions in paragraph 20 of your amended complaint.

**RESPONSE:**

18.    Provide *unredacted* copies of each document that you provided in your initial disclosures in this matter

**RESPONSE:**

19.    Provide any and all documents showing each mailing address utilized by you to receive mail from January of 2008 to the present (including business, residential and post offices boxes).

**RESPONSE:**

15

20.   Provide all documents produced in the matter  Jarrett R. Jenkins v. First Financial Investment Fund Holding, LLC, et al, 2:13-cv-04879-SJF-AKT.

**RESPONSE:**

21.   Provide all documents produced in the matter  Capital One Bank, USA, NA v. Jarrett R, Jenkins filed in the Nassau County District Court – 1st District, CV-045599-09.

**RESPONSE:**

22.    Provide all documents produced in the matter   <u>First Financial Investment Fund Holding, LLC v. Jarrett R. Jenkins</u>, filed in the Nassau County District Court – 1st District, CV-015912-12

**RESPONSE:**

23.    Because you allege financial injury, provide complete copies of your federal tax returns for 2010, 2011, 2012 and 2013 (2013 -when available).

**RESPONSE:**

24.    Provide a legible copy of your driver's license or any governmental document that reflects your full name and current address.

**RESPONSE:**

25.    All documents showing any damages you incurred as a result of the specific conduct of MCM and/or MF. specific in documents relied upon by or referenced by you that were utilized to respond to PCC's Interrogatories.

**RESPONSE:**

26.   All documents showing the methodology in assessing your damages purportedly incurred as a result of the conduct of MCM and/or MF.

**RESPONSE:**

27.   All documents relied upon by or referenced by you that were utilized to respond to MCM's Interrogatories

**RESPONSE:**

December 11, 2013
New York, New York

                              **MARSHALL DENNEHEY WARNER**
                              **COLEMAN & GOGGIN, P.C.**

                    By:   _____/s/_____
                              R. David Lane Jr. (RL 2806)
                              Attorneys for Defendants
                              Midland Credit Management, Inc., and
                              Midland Funding, LLC
                              88 Pine Street, 21st Floor
                              New York, New York 10005-1801
                              (212) 376-6413

To:    Jarrett R. Jenkins
          334 Locust Street, Apt. 1
          West Hempstead, NY  11552-3044

## AFFIDAVIT OF SERVICE

Joan R. Beers, being duly sworn, deposes and says:

I am not a party to the within action, am over 18 years of age, am employed by Marshall, Dennehey, Warner, Coleman & Goggin, 88 Pine Street, New York, New York 10005 and reside in New York, New York.

On December 11, 2013, I served a true copy of the within **First Set Of Requests For Production Of Documents By Midland Credit Management, Inc., Directed To Plaintiff, Jarrett R. Jenkins** on plaintiff Jarrett R. Jenkins in the following manner:

By mailing same in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the U.S. Postal service by first class mail, addressed to the last known address of the addressee(s) indicated below:

Jarrett R. Jenkins
334 Locust Street, Apt. 1
West Hempstead, NY  11552

and via e-mail at the following e-mail address:  jrobertjenkins@gmail.com

_____
Joan R. Beers

Sworn to before me this
11th day of December 2013

_____
Notary Public

**PATRICIA A. HUTSON**
Notary Public State of New York
No. 01HU6085792
Qualified in Kings County
Commission Expires January 6, 2015

No:  2:13-cv-05236-SJF-AKT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

**JARRETT R. JENKINS,**

Plaintiff,

      **v.**

**MIDLAND FUNDING, LLC and MIDLAND CREDIT MANAGEMENT, INC.,**

Defendants.

---

### FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS, BY MIDLAND CREDIT MANAGEMENT, INC., DIRECTED TO PLAINTIFF, JARRETT R. JENKINS

---

MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN

*Attorneys for Defendants*

88 Pine Street, 21st Floor
New York, New York 10005
(212) 376-6400