**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JARRETT R. JENKINS,<br><br>                Plaintiff,<br><br>vs.<br><br>MIDLAND FUNDING, LLC and<br>MIDLAND CREDIT MANAGEMENT,<br>INC.,<br><br>                Defendants. | **CASE NO.: 2:13-cv-05236-SJF-AKT**<br><br>**CONFIDENTIALITY STIPULATION** |

## STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED by and between Plaintiff, Jarrett R. Jenkins ("Plaintiff"), and Defendants, Midland Funding, LLC and Midland Credit Management, Inc. ("Defendants"), by and through their counsel, Marshall Dennehey Warner Coleman & Goggin, P.C., hereby stipulate and agree as follows:

WHEREAS, documents and information have been and may be sought, produced or exhibited by and among the parties to this action relating to trade secrets, confidential research, development, technology or other proprietary information belonging to the defendant and/or personal income, credit and other confidential information of Plaintiff.

WHEREAS, certain additional documents whose production Plaintiff has requested in this matter contain social security numbers, addresses, telephone numbers, and other identifying information, which could be used to commit identity theft;

WHEREAS, good cause therefore exists to protect the identifying information, as well as the above-mentioned trade secret and proprietary information, from public disclosure; and

WHEREAS, the parties to this case do not object to the protective measures requested below;

THEREFORE, an Order of this Court protecting such confidential information shall be and hereby is made by this Court on the following terms:

1. This Order shall govern the use, handling, and disclosure of all documents, testimony, or information produced or given in this action which are designated to be subject to this Order in accordance with the terms hereof.

2. Any party or non-party producing or filing documents or other materials in this action may designate such materials and the information contained therein subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential."

3. To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court, or in an arbitration proceeding, incorporate documents or information subject to this Order, the party filing such papers shall designate such materials, or portions thereof, as "Confidential," and shall file them with the clerk under seal, provided, however, that a copy of such filing having the confidential information deleted therefrom may be made part of the public record.

4. All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony, deposition, or otherwise, that refers, reflects or otherwise discusses

any information designated Confidential hereunder), shall not be used, directly or indirectly, by any person, for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with the provisions of this Order.

5. Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential," or pursuant to prior Order after notice, any document, transcript or pleading given "Confidential" treatment under this Order, and any information contained in, or derived from any such materials (including but not limited to, all deposition testimony that refers, reflects or otherwise discusses any information designated confidential hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) the Court and its officers; (b) parties to this litigation; (c) counsel for the parties, whether retained counsel or in-house counsel and employees of counsel assigned to assist such counsel in the preparation of this litigation; (d) fact witnesses subject to a proffer to the Court or a stipulation of the parties that such witnesses need to know such information; (e) present or former employees of the producing party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure); and (f) experts specifically retained as consultants or expert witnesses in connection with this litigation.

6. Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential", or pursuant to prior Order after notice, any document, transcript or pleading given "Confidential" treatment under this Order, and any information contained in, or derived from any such materials (including but not limited to, all deposition testimony that refers, reflects or otherwise discusses any

information designated confidential hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) the Receiving Party of record in this action, as well as employees of and counsel for the Receiving Party to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Declaration of Compliance" that is attached hereto as Exhibit A; (b) Experts specifically retained as consultants or expert witnesses in connection with this litigation who have signed the "Declaration of Compliance" (Exhibit A); (c) the Court and its personnel; (d) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Declaration of Compliance" (Exhibit A); and (e) the author of the document or the original source of the information.

7. Documents produced pursuant to this Order shall not be made available to any person designated in Subparagraph 5(f) or 6(b) unless he or she shall have first read this Order, agreed to be bound by its terms, and signed the attached Declaration of Compliance.

8. All persons receiving any or all documents produced pursuant to this Order shall be advised of their confidential nature. All persons to whom confidential information and/or documents are disclosed are hereby enjoined from disclosing same to any person except as provided herein, and are further enjoined from using same except in the preparation for and trial of the above-captioned action between the named parties thereto. No person receiving or reviewing such confidential documents, information or transcript shall disseminate or disclose them to any person other than those described above in Paragraph 4 and Paragraph 6 and for the purposes specified, and in no event shall such person make any other use of such document or transcript.

9. Nothing in this Order shall prevent a party from using at deposition, arbitration or trial any information or materials designated "Confidential" or "Confidential—Attorneys' Eyes Only" provided the designated documents do not become part of the public record, unless so ordered by the Court.

10. This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor the designation of any information, document, or the like as "Confidential," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

11. Within sixty (60) days after the final termination of this litigation, all documents, transcripts, or other materials afforded confidential treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel are work product materials, shall be either destroyed or returned to the individual or entity having produced or furnished same.

12. In the event that any party to this litigation disagrees at any point in these proceedings with any designation made under this Order, the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party objecting to the designation may seek appropriate relief from this Court. During the pendency of any challenge to the designation of a document or information, the designated document or information shall continue to be treated as "Confidential" subject to the provisions of this Order.

13. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded confidential

treatment pursuant to this Order. Furthermore any documents or information the Defendants have and produce which are directly connected to the Plaintiff, which include but is not limited to Plaintiff's personal identifiers or financial history cannot be claimed as work product, trade secret, proprietary, or protected by the Defendants and will not be subjected to this agreement.

14. The obligations imposed by the Protective Order shall survive the termination of this action.

15. The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

As stipulated and agreed to by and between the parties in the matter of Jarrett R. Jenkins v. Midland Funding, LLC, et al., U.S.D.C. E.D. NY, Case No. 2:13-cv-05236-SJF-AKT.

_____  
JARRETT R. JENKINS  
334 Locust Street, Apt-1  
West Hempstead, NY 11552-3044  

Plaintiff, Pro Se  

Dated: 20 Feb 14  

_____  
R. DAVID LANE, JR.  
Marshall Dennehey Warner  
Coleman & Goggin, P.C.  
88 Pine St, 21st Floor  
New York, NY 10005  

Attorney for Defendants  

Dated: 2/25/14  

BY THE COURT:

_____

## Exhibit A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JARRETT R. JENKINS,

        Plaintiff,

vs.

MIDLAND FUNDING, LLC and
MIDLAND CREDIT MANAGEMENT,
INC.,

        Defendants.

CASE NO.: 2:13-cv-05236-SJF-AKT

CONFIDENTIALITY STIPULATION

## DECLARATION OF COMPLIANCE

I, _____, declare as follows:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4  I have received a copy of the Discovery Confidentiality Order entered in this action on _____, 201\_\_\_.

5. I have carefully read and understand the provisions of this Discovery Confidentiality Order.

6. I will comply with all provisions of this Discovery Confidentiality Order.

7. I will hold in confidence, and will not disclose to anyone not qualified under the Discovery Confidentiality Order, any information, documents or other materials produced subject to this Discovery Confidentiality Order.

8. I will use such information, documents or other materials produced subject to this Discovery Confidentiality Order only for purposes of this present action.

9. Upon termination of this action, or upon request, I will return and deliver all information, documents or other materials produced subject to this Discovery Confidentiality Order, and all documents or things which I have prepared relating thereto, which documents are the subject of the Discovery Confidentiality Order, to my counsel in this action, or to counsel for the party by whom I am employed or retained or from whom I received the documents.

10. I hereby submit to the jurisdiction of this Court for the purposes of enforcing the Discovery Confidentiality Order in this Action.

I declare under penalty of perjury under the laws of the United States that the following is true and correct.

Executed this ____ day of _____, 201__ at _____.

_____
QUALIFIED PERSON