**MARSHALL DENNEHEY**
**WARNER COLEMAN & GOGGIN**
ATTORNEYS-AT-LAW   WWW.MARSHALLDENNEHEY.COM
A PROFESSIONAL CORPORATION

| | |
|---|---|
| **PENNSYLVANIA** Bethlehem, Doylestown, Erie, Harrisburg, King of Prussia, Philadelphia, Pittsburgh, Scranton | **DELAWARE** Wilmington **OHIO** Cleveland **FLORIDA** Ft. Lauderdale, Jacksonville, Orlando, Tampa |
| **NEW JERSEY** Cherry Hill, Roseland | **NEW YORK** Long Island, New York City |

Wall Street Plaza. 88 Pine Street, 21st Floor · New York, NY 10005
(212) 376-6400 · Fax (212) 376-6490

Direct Dial: 212-376-6413
Email: RDLane@mdwcg.com

March 11, 2013

Magistrate Judge A. Kathleen Tomlinson
Eastern District Court of New York
100 Federal Plaza, Courtroom 910
P.O. Box 9014
Central Islip, NY 11722-9014

    RE: Jarrett R. Jenkins v. Midland Funding, LLC and
       Midland Credit Management, Inc.
       Docket No. 2:13-cv-05236

Dear Judge Tomlinson:

  The undersigned is counsel for Midland Funding, LLC and Midland Credit Management, Inc. in the above-referenced case. I write to advise the Court of a discovery dispute concerning Plaintiff's Notice of Deposition *Duces Tecum* directed to Defendants' corporate designee, a copy of which is attached hereto as Exhibit "A". In accordance with your individual rules, the parties met and conferred on these issues telephonically on March 7, 2014. Unfortunately, the parties were unable to reach a resolution of these issues, and as such Defendants now seek a protective order for the reasons that follow.

  By way of procedural and factual history, Plaintiff commenced this litigation on September 20, 2013, claiming that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et. seq.* ("FDCPA") and the Fair Credit Reporting Act, 15 U.S.C. §1681, *et. seq.* ("FCRA") by purportedly furnishing information to consumer reporting agencies without first giving Plaintiff the opportunity to seek validation and verification of the accounts at issue. See ECF 1, ¶¶9-10. On or about February 14, 2014, Plaintiff served Defendants with a Notice of Deposition *Duces Tecum*, seeking the deposition of Defendants' corporate representative(s) in accordance with Fed. R. Civ. P. 30(b)(6). See Exhibit "A". Appended to his Notice of Deposition was a list of 16 categories of documents which Plaintiff requested to be produced on or before the noticed April 1, 2014 corporate designee deposition. Id. Defendants now seek a protective order excusing them from producing any corporate designee(s) on April 1, 2014 and further excusing them from producing any of the documents identified on Plaintiff's Notice of Deposition *Duces Tecum*, for the following reasons.

___

First, as a threshold matter, Plaintiff's Notice of Deposition is improper. Fed. R. Civ. P. 30(b)(6), which permits the deposition of an organization's corporate designee(s), provides, in pertinent part, "In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity **and must describe with reasonable particularity the matters for examination.**" (Emphasis added). Only after such matters are described must the corporation then designate one or more individuals to testify on behalf of the organization as to those identified areas. Id. Here, Plaintiff has not described the matters upon which he seeks to examinate Defendants' corporate representative(s). This, in turn, leaves Defendants unable to designate *anyone* to testify on their behalf, as Defendants are completely unaware of the matters on which Plaintiff seeks to examine them. Because Plaintiff's Notice fails to comply with the simple requirements of Fed. R. Civ. P. 30(b)(6), Defendants respectfully request that the Court grant the requested protective order and excuse Defendants from any obligation to produce a corporate representative on April 1, 2014.

Second, Plaintiff's Notice of Deposition *Duces Tecum* was accompanied by a schedule of documents he asks Defendants' corporate designee(s) to produce on or before the April 1, 2014 deposition. See Exhibit "A". Defendants seek a protective order excusing them from producing any of these documents for two reasons: first, Plaintiff has already engaged in written discovery, and he cannot now seek to expand upon such discovery by hiding what amount to requests for the production of documents under the guise of a Notice of Deposition *Duces Tecum* under Fed. R. Civ. P. 30(b)(6). Second, the documents of which Plaintiff seeks production are either wholly irrelevant to Plaintiff's claims; are already in Plaintiff's possession; or cannot be produced, either because the documents do not belong to Defendants or because their production is contractually barred.

As to Defendants' first point, it is beyond challenge that Plaintiff has already engaged in written discovery. Defendants do not dispute Plaintiff's entitlement to challenge the sufficiency and appropriateness of Defendants' proper objections to his discovery requests. However, Plaintiff cannot short-circuit such processes by using a "Notice of Deposition *Duces Tecum*" as a means of expanding the scope and nature of his discovery without having to go through proper channels, and yet that is precisely what he seeks to do here. Dissatisfied with Defendants' answers to his Requests for the Production of Documents, for example, he has included, as number 2 on his schedule of documents to be produced, "All documents requested to in response to Plaintiff's Jarrett R. Jenkins First Set of Request for Production of Documents to Defendants." See Exhibit "A", p. 3, ¶2. Plaintiff has already submitted his itemized list of discovery disputes which remains pending before this Court. Plaintiff cannot circumvent that process by simply demanding such information in a Notice of Deposition *Duces Tecum*.

As to Defendants' second point, a cursory review of Plaintiff's schedule of documents readily demonstrates the impropriety of his document request – in fact, the problems are almost too numerous to list. For example, Plaintiff already possesses a good deal of the

information he seeks, in that it was produced to him by way of Defendants' Rule 26 Disclosures and/or their January 14, 2014 Answers and Objections to his Requests for the Production of Documents.  Requiring Defendants to produce such documentation yet again would be unnecessarily duplicative and costly, thus making the entry of a protective order appropriate.  See TradeWinds Airlines, Inc. v. Soros, 2011 U.S. Dist. LEXIS 96851 (S.D.N.Y 2013).  Similarly, some of the information sought by Plaintiff cannot be produced for a host of reasons.  As an example, in his schedule of documents at number 3, he seeks "All W-2s, tax returns for the years (2008-2013) and or employment contracts that demonstrate you were an employee of the Defendants at the time alleged in the amended complaint."  See Exhibit "A", p. 3, ¶3.  As a threshold matter, there is no reason, whether in Plaintiff's operative Complaint or otherwise, why Defendants' corporate representatives must have been employed by Defendants since 2008, nor does Plaintiff's deposition notice identify any categories of investigation which would make it mandatory to produce such a long-time individual.  Since corporate designees testify not on their own behalf but on behalf of their organization, the duration of employment with the subject organization is immaterial.  More problematic is the intrusion upon these employees' privacy.  Were Defendants to simply produce W-2s and tax returns, even in redacted form, they run the risk of violating state and federal privacy laws and intruding upon the rights of their corporate designee(s) – and all for reasons having nothing whatsoever to do with the claims made in Plaintiff's operative Complaint.

Finally, certain documents or categories of documents requested by Plaintiff are subject to confidentiality agreements or are not the property of Defendants, and as such Defendants cannot produce them without running the risk of exposing themselves to liability.  See, e.g., Exhibit "A", p. 3, ¶4, seeking, inter alia, Defendants' contract with the CRAs, which by its terms is a confidential document.  Indeed, Defendants have already explained to Plaintiff why they cannot produce certain of the documents requested in his discovery requests; unhappy with their response, Plaintiff has now sought the same information in a different format.

For the foregoing reasons, Defendants respectfully request that this Honorable Court enter a protective order excusing them from complying with Plaintiff's irreparably deficient Notice of Deposition Duces Tecum.

                                Respectfully submitted,

                                /s/

                              R. David Lane, Jr.

cc: Jarrett Jenkins